IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JIMMY REAF HOLLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0287 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS PETITION
FOR A WRIT OF HABEAS CORPUS AS TIME BARRED**

On September 27, 2005, petitioner JIMMY REAF HOLLEY, a state prisoner confined in the Price Daniel Unit, filed a Petition for a Writ of Habeas Corpus by a Person in State Custody.[1] By his application, petitioner challenges his August 17, 1983 conviction for the felony offense of murder out of the 69th Judicial District Court of Moore County, Texas and the resultant 99-year sentence and $10,000.00 fine.

I.
STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

---

[1] Petitioner filed his habeas application with the United States District Court for the Northern District of Texas, Abilene Division and it was subsequently transferred to this Court. A prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998).

HAB54\R&R\HOLLEY-JR.SOL:3

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

On August 17, 1983, a jury found petitioner guilty of the offense of murder and assessed petitioner's sentence as confinement in the Texas Department of Criminal Justice, Institutional Division for a period of ninety-nine (99) years and the imposition of a $10,000.00 fine. Petitioner directly appealed his conviction and sentence to the Court of Appeals for the Seventh District of Texas who, on July 25, 1986, reversed said conviction and sentence and remanded the case to the trial court. *Holley v. State*, No. 07-84-00310-CR. The State of Texas sought review of the appellate court's decision though a petition for discretionary review. The Texas Court of Criminal Appeals granted said petition, and on February 22, 1989, it reversed the judgment of the Court of Appeals and affirmed the judgment of the trial court. *Holley v. State*, 766 S.W.2d 254 (Tex.Cr.App. 1989).

According to petitioner, on August 3, 2005, he filed a state writ of habeas corpus with the trial court. *Ex parte Holley*, App. No. 62,711-01. September 14, 2005, the Texas Court of Criminal Appeals denied petitioner's application without written order. On September 27, 2005, petitioner filed the instant federal habeas application challenging his conviction and sentence.

The effective date of the one-year limitations period under 28 U.S.C. § 2244(d)(1), was April 24, 1996. Since the petitioner's conviction in this case became final prior to the effective date, the one-year limitations period did not commence running until April 24, 1996, allowing petitioner until April 24, 1997, to file his federal petition. Petitioner failed to file any federal petition until September 27, 2005. Additionally, petitioner is not entitled to the tolling provision of 28 U.S.C. § 2244(d)(2) because he failed to file his state habeas application until August 3, 2005, well outside the limitations period.

Consequently, petitioner's federal habeas application is time barred. Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application should be dismissed as time barred.

## II.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner JIMMY REAF HOLLEY be DISMISSED as time barred.

## III.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner by the most efficient means available.

 IT IS SO RECOMMENDED.

 ENTERED this <u>1st</u> day of November 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


### * NOTICE OF RIGHT TO OBJECT *

 Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

 Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).